**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 19, 2023

John A. Sensing, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, DE 19899

A. Thompson Bayliss, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

RE: ***Erin Page v. Village Practice Management Group, LLC,***
Civil Action No. 2022-0581-MTZ

Dear Counsel:

On April 27, 2023, after having asked the parties to submit supplemental briefing addressing the nonwaivable issue of subject matter jurisdiction,[1] I stayed this action pending the Delaware Supreme Court's decision on *Terrell v. Kiromic Biopharma, Inc.* (*Terrell II*), C.A. 299,2022 (Del.).[2] On May 4, the Delaware Supreme Court issued its decision.[3] I have again reviewed the parties' supplemental submissions and conclude that this matter should remain stayed pending review and interpretation of the Village Practice Management Company, LLC Management Incentive Plan (the "Plan") under Section 4(d), by the "Committee," as defined in the Plan.[4]

The parties did not have the benefit of briefing *Terrell II* due to the linear nature of time, but I believe its application is straightforward.[5] The Supreme Court

---

[1] Docket Item ("D.I.") 27.

[2] D.I. 42.

[3] *Terrell v. Kiromic Biopharma, Inc.* (*Terrell II*), 2023 WL 3237142, – A.3d – (Del. May 4, 2023).

[4] D.I. 6, Ex. 1 [hereinafter "Plan"] §§ 2(i), 4(d); *Paolino v. Mace Sec. Int'l, Inc.*, 985 A.2d 392, 397 (Del. Ch. 2009) ("This Court possesses the inherent power to manage its own docket, including the power to stay litigation on the basis of comity, efficiency, or simple common sense.").

[5] C.A. 299, 2022 (Del.).

held the Court of Chancery in *Terrell v. Kiromic Biopharma, Inc.* (*Terrell I*)[6] "properly stayed the action to permit the board's committee to interpret the agreement and notice in the first instance."[7] The Delaware Supreme Court interpreted the relevant provision[8] in *Terrell I* as neither an arbitration provision, nor "squarely an expert determination" provision.[9] The Supreme Court found "the Committee must be given the first opportunity to interpret [the provision]'s scope."[10]

Here, the parties do not dispute that Section 4(d) is not an arbitration provision.[11] Accordingly, Section 4(d)'s plain text dictates who decides its scope.[12] Delaware courts interpret contract terms according to their plain, ordinary meaning,[13] and "attempt to give meaning and effect to each word in a contract, assuming that the parties would not include superfluous verbiage in their agreement."[14] Section 4(d) provides:

---

[6] 2022 WL 3083229 (Del. Ch. Aug. 2, 2022). I will refer to *Terrell v. Kiromic Biopharma, Inc.*, 2022 WL 175858 (Del. Ch. Jan. 20, 2022) and its implementing order, *Terrell v. Kiromic Biopharma, Inc.*, 2022 WL 3083229 (Del. Ch. Aug. 2, 2022), together as "*Terrell I*."

[7] *Terrell II*, 2023 WL 3237142, at *1; *id.* at *6.

[8] *Id.* at *4 ("Our analysis necessarily begins with the text of Section 15.1, which, in its entirety, reads: [']Interpretation. Any dispute regarding the interpretation of this Agreement shall be submitted by Optionee [Terrell] or the Company to the Committee for review. The resolution of such a dispute by the Committee shall be final and binding on the Company and Optionee.[']" (emphasis omitted)).

[9] *Id.* at *6 (internal quotation marks and footnotes omitted).

[10] *Id.*

[11] *E.g.*, D.I. 33 at 7; D.I. 37 at 4.

[12] *Terrell I*, 2022 WL 175858, at *5–6.

[13] *Alta Berkeley VI C.V. v. Omneon, Inc.*, 41 A.3d 381, 385 (Del. 2012).

[14] *Zimmerman v. Crothall*, 62 A.3d 676, 691 (Del. Ch. 2013) (citing *NAMA Hldgs., LLC v. World Mkt. Ctr. Venture, LLC*, 948 A.2d 411, 419 (Del. Ch. 2007)).

> Interpretation. Except as otherwise expressly provided in the Plan, the Committee shall have all powers with respect to the administration of the Plan, including, without limitation, full power and authority to interpret the provisions of the Plan and any Award Agreement, and to resolve all questions arising under the Plan. All decisions of the Committee shall be conclusive and binding on all persons.[15]

Section 2(i) defines "Committee" as "the committee appointed by the Board in accordance with Section 4(a), or, where no such committee is appointed, the Board."[16] Section 4(d) delegates "full power and authority" to the defined "Committee" "to interpret the provisions of the Plan and any Award Agreement, and to resolve all questions arising under the Plan."[17]

Having come to the same conclusion in *Terrell II*, the Delaware Supreme Court instructed that this Court must retain subject matter jurisdiction and stay the matter until the Committee "interpret[s] the provisions of the Plan and any Award Agreement, and to resolve all questions arising under the Plan" raised by the plaintiff's complaint.[18] This Court must then afford an opportunity for review of the Committee's legal determinations.[19]

I will therefore **STAY** this action until the Committee interprets the Plan: (a) to determine the Committee's scope of authority; and (b) if the Committee decides it has the authority, to determine (i) whether the "Detrimental Activity Provision"[20] governs the plaintiff's employment after her employment with the defendant is terminated ("post-employment activities")[21]; (ii) whether the plaintiff's prospective employer, Lightbeam Health Solutions, is a "Competitor"[22];

---

[15] Plan § 4(d) (emphasis omitted).

[16] *Id.* § 2(i) (emphasis omitted).

[17] *Id.* § 4(d).

[18] *Id.*

[19] *Terrell II*, 2023 WL 3237142, at *9.

[20] Plan §§ 2(n), 8(b).

[21] D.I. 1 [hereinafter "Compl."] ¶ 57(a).

[22] Plan § 2(l).

(iii) whether the plaintiff remains the holder of her "Class B Units"[23]; and (iv) whether the defendant has any basis under the Plan to cancel any of the plaintiff's Class B Units.[24]

The parties should inform the Court when the Committee makes its decision by a joint letter. At that time, the parties should confer on a scheduling order for this Court's subsequent review in accordance with *Terrell II*. It is the Court's preference that the parties attach to the joint letter a stipulated proposed scheduling order. If the parties cannot agree on a schedule, they should each attach a proposed scheduling order and I will select one. **IT IS SO ORDERED.**

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*

---

[23] *Id.* § 2(g).

[24] Compl. ¶ 57.